**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BLAKE R. WILLIAMS, an individual; PEGGY J. McGREGOR, an individual, for themselves and on behalf of all others similarly situated, <br><br>    Plaintiffs - Appellants, <br><br>  v. <br><br> OBERON MEDIA, INC., a Delaware corporation; DOES 1 THROUGH 10, INCLUSIVE, <br><br>    Defendants - Appellees. | No. 10-56255 <br><br> D.C. No. 2:09-cv-08764-JFW-AGR <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted February 14, 2012
Pasadena, California

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before:     FARRIS and W. FLETCHER, Circuit Judges, and HELLERSTEIN, Senior District Judge.***

Plaintiffs Blake R. Williams, Peggy J. McGregor, Candice K. Schutz, Mark Lindsey, and Barbara Jean Parks appeal the district court's denial of their motion for class certification. Plaintiffs sought class certification for seven sub-classes in their consumer class action against online game designer and retailer Oberon Media, Inc. ("Oberon"). The district court denied certification to all seven classes. We have jurisdiction under 28 U.S.C. § 1367(a), and we affirm the district court.

We review the denial of class certification for abuse of discretion. *Knight v. Kenai Peninsula Borough Sch. Dist.*, 131 F.3d 807, 816 (9th Cir. 1997).

The district court did not abuse its discretion in finding that Classes One, Two, and Seven are not "precise, objective or presently ascertainable." *O'Connor v. Boeing N. Am. Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998). As to Classes One and Two, Plaintiffs failed to establish an objective way of determining which GameSaver members failed to receive their monthly subscription game or enrolled in the GameSaver program because of errors in Oberon's computer system as opposed to the consumers' own errors or preferences. As to Class Seven, Plaintiffs

---

***     The Honorable Alvin K. Hellerstein, Senior U.S. District Judge for the Southern District of New York, sitting by designation.

did not establish an objective way to determine which GameSaver members were unable to cancel their membership due to Oberon system errors and which GameSaver members actually wanted to continue their memberships.

Nor did the district court abuse its discretion in determining that no named plaintiff satisfied the typicality and adequacy requirements of certification for Classes Four and Six. *See* Fed. R. Civ. P. 23(a)(3)-(4). As to Class Four, neither of the proposed named plaintiffs alleges that she were billed multiple times for a single game purchase. The proposed named plaintiff for Class Six never had her subscription renewed because she commenced this lawsuit before her membership term was complete.

Finally, the district court did not abuse its discretion in determining that Classes Three and Five were not certifiable because "questions of law or fact common to class members [did not] predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). For example, the district court found that evaluating the claims of Class Three would require the court "to determine whether Oberon's acts or omissions, rather than some other factor" was the cause of each customer's additional GameSaver memberships. As to Class Five, the information Oberon provided to its customers concerning the cross-border nature of their purchases varied over time and from website to website.

3

Further, the consumers' individual credit card contracts would determine whether or not a foreign transaction fee would apply to those transactions, not a uniform Oberon policy.

On appeal, Plaintiffs also suggest that the district court abused its discretion in denying Plaintiffs leave to amend, in refusing to grant Plaintiffs an extension to file their class certification motion, and in denying Plaintiffs' application to file documents under seal. Reviewing the record, we do not find any of these decisions to be an abuse of discretion.

**AFFIRMED.**